ALLAN G. KAPLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaplan v. Commissioner
Docket No. 2532-74.
United States Tax Court
T.C. Memo 1976-24; 1976 Tax Ct. Memo LEXIS 378; 35 T.C.M. (CCH) 84; T.C.M. (RIA) 760024; January 29, 1976, Filed Allan G. Kaplan, pro se. William J. Salica, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in income tax for 1971 in the amount of $815. The two issues before us are whether the petitioner may deduct a "delegate fee" and amounts that he contributed to a union pension fund under section 162(a) [1] and whether petitioner is entitled to his claimed medical expenses, rental loss and legal fees beyond the amounts allowed him by respondent. FINDINGS OF FACT None of the facts have been stipulated. Petitioner resided at Paterson, New Jersey, at the time *379 his petition was filed. He filed his 1971 income tax return with the District Director of Internal Revenue, Newark, New Jersey. During 1971, Kaplan was employed as a lithographer and was a member of the Amalgamated Lithographers of America, Local 1 (union). During 1971, Kaplan contributed $538.06 to the union's pension fund and paid $60 in union dues and assessments, including a $12 "delegate fee." In order to be a member of the union, Kaplan had to pay the union dues and assessments and had to contribute to the union's pension fund. The dues and assessments went into the union's general fund while the pension contributions went into a separate pension fund. Kaplan withdrew his contributions from the pension fund subsequent to 1971. Petitioner claims deductions for a rental loss of $4,855, for legal fees of $375, and for medical and dental expenses of $564. Respondent concedes that Kaplan incurred medical and dental expenses of $298 in addition to the amount allowed petitioner by the statutory notice of deficiency. Respondent disallowed all of petitioner's claimed rental loss and legal fees. Respondent concedes that Kaplan is entitled to a dependency exemption for his mother, and *380 is entitled to compute his tax liability utilizing head of household rates. Also, respondent concedes that Kaplan is entitled to a deduction for $1,788 for taxes. OPINION Petitioner bears the burden of proof regarding both issues in this case. Rule 142, Tax Court Rules of Practice and Procedure. On both counts he has failed to carry it. As to petitioner's claimed deductions for medical expenses, rental loss and legal fees, he failed to put any evidence in the record whatsoever, refusing even to testify to the items at issue. Only those amounts allowed or conceded by the respondent are deductible. As to the second issue, it is clear that petitioner's claimed deduction for union dues is inflated by the amount of his contributions to the union's pension plan in the amount of $538.06. This amount was not paid as union dues, even though its payment was prerequisite to union membership, but was a refundable amount that Kaplan contributed toward an employee pension plan not deductible under any Code section. See, Lawrence J. Cohen,63 T.C. 267 (1974), on appeal (9th Cir., Feb. 25, 1975). Of the remaining $60 deducted as union dues under section 162(a), respondent *381 concedes that $48 is deductible. A delegate's fee of $12 comprises the remaining amount in dispute. Although it seems likely to us that such amount is a cost of normal union activities, petitioner did not prove the nature of the expense, and thus, we cannot hold it deductible under section 162(a). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩